MAY, J.
The Okeechobee Utility Authority (OUA) appeals a final summary judgment and partial summary judgment that required it to assess a “Base Facility Charge” on campgrounds for water and wastewater “in the same manner as [it assesses the charge against] hotels, motels or other similar facilities,” and ordered the *446 OUA to refund overages. The trial court found the OUA improperly assessed the charges against a number of campground facilities, in violation of section 189.420, Florida Statutes (2003). We disagree and reverse.
The OUA is an independent special district. The plaintiffs are either mobile home parks or recreational vehicle parks [facilities] regulated by chapter 513, Florida Statutes (2003). The OUA provides water and wastewater utility services for these facilities and charges for them. A Water and Wastewater Rate Schedule sets the applicable charges, which include a monthly charge for connection to the OUA utility lines regardless of the amount of water consumed, the “Base Facility Charge.” The schedule also provides for a “Gallonage Rate,” based upon the amount of water consumed. Capital connection costs, meter installation fees, and backflow prevention fees are charged at the time of connection to the OUA utility lines. These charges do not apply to property owners who do not connect to the OUA lines.
The facilities filed a complaint challenging the manner in which the OUA calculated the “Base Facility Charge.” They alleged the “Base Facility Charge” constitutes an “assessment” levied monthly on each of the facilities within the meaning of section 189.420, Florida Statutes (2003). As such, the OUA was required to calculate the “assessment” as if the facilities were hotels or motels. In contrast, the OUA considers the facilities as “multi-fam-ily residential.” Because of this characterization, the OUA argued the “Base Facility Charge” is a “user fee” and not subject to section 189.420.
The facilities filed a motion for partial summary, judgment. The OUA filed a counter motion for summary final judgment. The trial court found the “Base Facility Charge” constituted.the levy, of an “assessment” within the meaning of section 189.420 and entered an order declaring the charges null and void. It also required the OUA to assess the “Base Facility Charge” in the same manner as it assesses the charge against hotels, motels, or other similar facilities, pursuant to the statute. The court reserved jurisdiction on the remaining issues.
Subsequently, the trial court entered an order denying the OUA’s motion for summary final judgment. The parties agreed to the amount to be refunded the overages; the OUA reserved its right to appeal. The trial court then entered the final judgment.
In 2000, the Florida Legislature enacted section 189.420 of the Florida Statutes. It reads:
When an independent or dependent special district levies an assessment on a facility regulated únder chapter 513, the assessment shall not be based on the assertion that the facility is comprised of residential units. Instead, facilities regulated under chapter 513 shall be assessed in the same manner as a hotel, motel, or other similar facility.
§ 189.420, Fla. Stat. (2003). This case necessarily turns on the understanding of section 189.420 and the appropriate label to be given the “Base Facility Charge.”
“The Florida Constitution grants municipalities ‘governmental, corporate and proprietary powers to enable them to ... render municipal services’ and the right to ‘exercise any power for municipal purposes except as otherwise provided by law.’ ” City of Gainesville v. Dep’t of Transp., 778 So.2d 519, 523 (Fla. 1st DCA 2001). Determining whether a charge is a “special assessment” or a “user fee” is not always easy. The line of demarcation is blurry. Nevertheless, guidelines have been established for making that determination.
“[G]enerally, a “fee” is exchanged for a service rendered or a benefit conferred, *447 and some reasonable relationship exists between the amount of-'the fee and the value of the service or benefit, while a “special assessment” is a specific levy designed to recover the costs of improvements that confer local and peculiar benefits upon property with a defined area. “User fees” are those which are charged only to the person actually using the service, and the amount of the charge generally is related to the actual goods or services provided and is a monthly charge rather than a one-time charge. ,
Id. at 526 (quoting 70C Am.Jur.2d Special or Local Assessments § 2 (2000)).
Our supreme court identified factors for determining if a charge is a “user fee” or a “special assessment” in City of Gainesville v. State, 863 So.2d 138, 145 (Fla.2003). They include:
(1) the name given to the charge;
(2) the relationship between the amount of the fee and the value of the service or benefit;
(3) whether the fee is charged only to users of the service or is charged to all residents of a given area;
(4) whether the fee is voluntary — that is, whether a property owner may avoid the fee by refusing the service;
(5) whether the fee is a monthly charge or a one-time charge;
(6) whether the fee is charged to recover the costs of improvements to a defined area or infrastructure or for the routine provision of a service;
(7) whether the fee is for a traditional utility service; and
(8) whether the fee is statutorily authorized as a fee.
Id. (Enumeration added.) These factors must be considered in light of the circumstances. No single factor is controlling. Id.
Application of these factors to the facts of this case lead us to conclude the “Base Facility Charge” is a “user fee.” First, the charge is imposed only on those opting to connect to the OUA utility lines. Second, the property owner may avoid the charge by refusing .the service. Third, the charge is imposed monthly. Fourth, the charge is not imposed to recover costs of improvements, but for a routine provision of service. Fifth, the OUA is authorized under chapter 367, Florida Statutes (2003), to regulate water and wastewater systems, which includes the ability to impose “user fees.” We recognize the charge- is for a traditional utility service and may not be considered voluntary, but those factors alone do not transform the charge into a “special assessment.”
Our determination that the “Base Facility Charge” is a “user fee,” renders section 189.420, Florida Statutes (2003), inapplicable. The court erred, therefore, in mandating compliance with section 189.420. We reverse the partial final summary judgment and the final judgment and remand the case for entry of a final summary judgment in favor of the OUA.
REVERSED and REMANDED.
FARMER, C.J., and STONE, J., concur.